# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

EVERICK JAMES W.,[1]

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

Civil No.  25-1107 (RMB)

**OPINION**

**APPEARANCES**

Samuel Fishman
Chermol & Fishman, LLC
11450 Bustleton Avenue
Philadelphia, PA 19116

    *On behalf of Plaintiff*

Erica Adams
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of Program Litigation, Office 3
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

    *On behalf of Defendant*

---

[1]    Due to the significant amount of personal information and privacy concerns in Social Security cases, non-governmental parties are identified solely by first name and last initial.  *See* D.N.J. Standing Order 2021-10.

**RENÉE MARIE BUMB, Chief United States District Judge:**

This matter comes before the Court upon an appeal filed by Plaintiff Everick James W. ("Plaintiff") seeking judicial review of the final determination of the Commissioner of the Social Security Administration (the "SSA"), which denied his application for Social Security Disability benefits. For the reasons set forth herein, the Court **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").

## I.    PROCEDURAL HISTORY

On August 12, 2022, Plaintiff filed an application for Social Security Disability benefits under Title II of the Social Security Act ("the Act"), alleging an onset date of disability of January 1, 2002, which he later amended to October 27, 2021, at his hearing. [Administrative Record ("R.") at 24 (Docket No. 7).] He also filed an application for supplemental security income under Title XVI on August 12, 2022. [*Id.*] Both claims were initially denied on February 13, 2023, and again denied upon reconsideration on October 6, 2023. [*Id.*]

Plaintiff filed a timely written request for a hearing before an ALJ which was held telephonically on April 16, 2024. [*Id.*] Plaintiff was represented by an attorney at the hearing at which the ALJ heard testimony from Plaintiff and Vocational Expert Marian Marracco. [*Id.*] At the hearing, Plaintiff withdrew his Title II claim, leaving only his Title XVI claim for adjudication. [R. at 50.] The ALJ issued her decision finding Plaintiff to not be disabled under the Act on May 30, 2024. [R. at 36.] On December 11, 2024, the Appeals Council denied Plaintiff's request for review,

rendering the ALJ's decision final. [R. at 1-4.] Plaintiff now seeks this Court's review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.    STANDARD OF REVIEW

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Cons. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. *See Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. *Sykes*, 228 F.3d at 262 (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)).

The Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that

he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i–v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id.* Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations." [*Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010)]. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. *Id.*

4

§§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

*Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019) (some alterations omitted).

## III.    FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Plaintiff has not engaged in substantial gainful activity since the alleged onset date: October 27, 2021. [R. at 26.]

### A.    Plaintiff's Educational, Work, and Medical History

Plaintiff has at least a high school education and no past relevant work experience. [R. at 35.] Plaintiff suffers from the following physical impairments: degenerative disc disease of the lumbar spine and autonomic neuropathy. [R. at 26.] He also suffers from the following mental impairments: generalized anxiety disorder; major depressive disorder; and alcohol use disorder. [*Id.*]

### B.    The ALJ's Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability: October 27, 2021. [*Id.*]

At Step Two, the ALJ found all of Plaintiff's listed impairments to be severe. [*Id.*] However, at Step Three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any listed impairment found within 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. at 27.]

At Step Four, the ALJ found that, during the relevant period, Plaintiff had:

> the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) with limitations. Specifically, he can stand and/or walk for up to four hours and sit for up to six hours. He cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. He can occasionally balance, stoop, kneel, crouch, and crawl. He must avoid all exposure to workplace hazards, such as unprotected heights and dangerous moving machinery. He is limited to understanding, remembering and carrying out simple instructions.

[R. at 29.] Due to Plaintiff's lack of past relevant work experience, the ALJ could not rule on the transferability of his skills. [R. at 35.]

At Step Five, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, considering his age, education, work experience, and RFC. [*Id.*] Crediting testimony from the Vocational Expert, the ALJ found that Plaintiff would be able to perform the requirements of representative occupations such as electrical accessories assembler, information clerk, and furniture rental clerk. [R. at 36.]

## IV.    DISCUSSION

Plaintiff raises three arguments in support of his appeal. First, he argues that the ALJ failed to resolve a conflict between the vocational expert's testimony and the DOT as to whether Plaintiff could perform the reasoning level 3 and 4 occupations given his

limitations. Second, Plaintiff contends that the SSA cannot rely upon EM-21065 to completely prohibit any consideration of certain parts of the DOT such as reasoning level. Finally, he claims that the ALJ's RFC findings are inconsistent with her finding of severe mental impairment marked by moderate limitations in understanding, remembering, and applying information.

<blockquote>
<strong>A.      The ALJ Did Not Fail to Resolve a Conflict Between the Vocational Expert's Testimony and the DOT Regarding Level 3 and Level 4 Occupations</strong>
</blockquote>

Plaintiff argues that two of the occupations adopted – information clerk and furniture rental clerk – are assigned reasoning levels of 3 or 4, resulting in a conflict with the limitations adopted by the ALJ which places Plaintiff's reasoning level no higher than 2. [Pl. Br. at 4 (Docket No. 10).] The SSA argues that Plaintiff has waived this argument by failing to object to the Vocational Expert's testimony at any point in the proceeding, and even if the objection has not been waived, any inconsistencies constitute harmless error. [Def. Br. at 5 (citing R. at 69) (Docket No. 12).]

At Step Five, the Commissioner bears the burden of demonstrating that work exists in significant numbers in the national economy that the claimant can perform, given his RFC, age, education, and work experience. *See Zirnsak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014). The Commissioner may satisfy this burden through vocational expert testimony. *See Lane v. Comm'r of Soc. Sec.*, 100 F. App'x 90, 97 (3d Cir. 2004). When there is an "apparent conflict" between the vocational expert's testimony and the DOT, SSR 00-4p requires the ALJ to obtain a reasonable explanation and explain

the resolution of that conflict.[2] The Third Circuit has consistently rejected the proposition that there is a categorical conflict between a limitation to simple work and occupations requiring a reasoning level of 3 and instead applies a fact-specific inquiry. *See Zirnsak*, 777 F.3d at 618.

According to the record, Plaintiff is a high school graduate and denied any difficulty with reading, writing, or performing simple math. [R. at 29.] His mental health treatment was conservative and limited, and his mental status examinations reflected largely normal findings. [R. at 27-28, 31-32.] The ALJ thoroughly explained why the record supported a restriction to simple instructions, but not more restrictive cognitive limitations. [R. at 29-35.] In his brief, Plaintiff has failed to identify evidence demonstrating that he is unable to perform the mental demands presented by the level 3 occupation but rather he asks the Court to adopt a categorical incompatibility rule. [Pl. Br. at 7-8.]

Here, the ALJ limited Plaintiff to understanding, remembering, and carrying out simple instructions. [R. at 29.] The vocational expert identified furniture rental clerk (reasoning level 3) and information clerk (reasoning level 4) as being within Plaintiff's limitations and stated her testimony was consistent with the DOT except where it was silent. [R. at 35-36.] At no time during her testimony did Plaintiff's counsel voice an objection, question the inconsistent reasoning levels, nor inquire as to the cognitive demands of both occupations. [R. at 35; 65-70.] Although failure to

---

[2]    SSR 00-4p was rescinded on January 6, 2025, by SSR 24-3p. However, because the ALJ issued her decision prior to its revocation, SSR 00-4p remains applicable here.

object does not automatically waive a conflict argument, it is a factor weighing against a finding that any conflict was "apparent." *See Zirnsak*, 777 F.3d at 617-18 (citation omitted).

Even assuming, *arguendo*, that the level 4 occupation presented a conflict, any error would be harmless. Excluding the level 4 job, the vocational expert identified two other occupations that amounted to over 57,000 jobs in the national economy that Plaintiff was able to do within his RFC. [R. at 36.] The Third Circuit has repeatedly held that substantially smaller numbers constitute "significant" work in the national economy. *See e.g.*, *Young v. Astrue*, 519 F. App'x 769, 772 (3d Cir. 2013) (finding 20,000 jobs in the national economy to be significant). Thus, even excluding the level 4 occupation entirely, the Commissioner satisfied its Step Five burden.

### B.    The ALJ Did Not Rely Upon EM-21065

Next, Plaintiff argues that the SSA cannot rely upon Emergency Message 21065 ("EM-21065") to prohibit the consideration of reasoning levels. [Pl. Br. at 10.] After reviewing the record, it is unclear to the Court why Plaintiff raises this argument. As the SSA correctly notes, and Plaintiff concedes in his brief, the ALJ never referred to this message in her decision, nor did SSA rely upon it in their argument. [Def. Br. at 8; Pl. Br. at 10.]

As the ALJ did not invoke EM-21065, there is no need to address it. Federal courts do not render advisory opinions, therefore, the Court declines to rule on this argument. *See McCahill v. Borough of Fox Chapel*, 438 F.2d 213, 215 (3d Cir. 1971); *Raines v. Byrd*, 521 U.S. 811, 818 (1997).

### C. The ALJ's RFC Finding was Consistent with the Finding of a Severe Mental Impairment

Plaintiff's third and final argument asserts that once the ALJ deemed his mental impairment to be severe and assessed moderate limitations under the Paragraph B criteria, the RFC was legally required to contain additional functional restrictions beyond a limitation to simple instructions. [Pl. Br. at 19.] This argument reflects a misunderstanding of the regulatory framework.

Paragraph B findings pursuant to 20 C.F.R. § 416.920a serve a specific purpose: they are used to rate the severity of mental impairments at Steps Two and Three and determine whether a listed impairment has been met or equaled. SSR 96-8p. In no way do these findings constitute an RFC assessment. *Id.* The RFC determination must translate the supported limitations into work-related functional terms and is not bound to replicate the Paragraph B findings' language. *Id.*

In a Notice of Supplemental Authority [Docket No. 15], Plaintiff directs the Court to *K.L.J. v. Comm'r of Soc. Sec.*, 2025 WL 3170490 (D. Colo. Nov. 7, 2025). The court in *K.L.J.*, however, was bound by Tenth Circuit precedent that requires that moderate limitations be expressly reflected in the RFC in functional terms beyond a generalized limitation to simple work. *Id.* (citing *Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012)). This Court is bound by the law of the Third Circuit. And the Third Circuit has not adopted this approach and instead evaluates whether the ALJ's explanation sufficiently supports the functional limitations imposed. *See Hess*, 931 F.3d at 212-13. Accordingly, within this Circuit, courts must affirm RFCs limiting plaintiffs

10

to simple tasks despite moderate Paragraph B limitations so long as the ALJ adequately explained why the record supported the imposed degree of restriction. *Id.* This is the standard that applies.

Moreover, Plaintiff's argument has already been rejected by the Third Circuit, which has explained that "no incantations are required at steps four and five simply because a particular finding has been made at steps two and three." *Hess*, 931 F.3d at 209. Rather, courts need only consider whether the ALJ sufficiently developed the record and applied it to the functional limitations adopted. *Id.*; *see also Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

Here, the ALJ did precisely that. The ALJ found Plaintiff to have moderate limitations in two Paragraph B criteria and conducted a more detailed evidentiary review when calculating his RFC. [R. at 29-35.] She noted that Plaintiff's mental health treatment was limited and conservative, consisting primarily of medication prescribed by his primary care provider. [R. at 30, 34, 357-64.] She acknowledged that Plaintiff successfully completed a short inpatient alcohol detox program and subsequently presented with a largely normal mental status at subsequent examinations. [R. at 32.] The record reflected Plaintiff's mood to be stable, possessing a logical thought process, and fair insight and judgment. [R. at 30.] The ALJ also considered the medical assessments of multiple state agency psychiatric consultative examiners who found that Plaintiff retained the mental capacity necessary to perform simple work despite having moderate limitations under Paragraph B. [R. at 30-32.]

Turning to the record, it is clear the ALJ did not ignore Plaintiff's moderate limitations, but instead, translated them into a restriction to simple instructions after reviewing Plaintiff's treatment history, and objective findings and evidence in the record. [R. at 29-35.] In his appeal, Plaintiff does not identify any medical evidence establishing greater functional deficits than those reflected in the RFC nor does he demonstrate that the ALJ's explanation was inconsistent or unsupported by evidence. *See Knepp*, 204 F.3d at 83. In fact, Plaintiff's RFC includes an additional restriction beyond "light work" regarding his understanding, remembering, and carrying out simple instructions to account for his mental limitations. [R. at 29.]

The ALJ provided a reasoned explanation of how Plaintiff's documented mental impairments were reflected in the functional limitations included in the RFC. The Court cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

## V.    CONCLUSION

For the foregoing reasons, the decision of the ALJ is **AFFIRMED**. An accompanying Order has been issued [Docket No. 15].


**March 5, 2026**                                    **s/Renée Marie Bumb**
Date                                                          RENÉE MARIE BUMB
                                                                 Chief United States District Judge